## COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1858, AT PROVIDENCE.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH, }

## JOSEPH P. CHILDS v. ELIAS S. BALLOU.

By force of sect. 11, ch. 192, of the Rev. Stats., which first gave to a party aggrieved by an opinion or judgment of a special court of common pleas, in matter of law, the right, by a bill of exceptions, to review the same in the supreme court, a bill of exceptions will lie for such review, in a case heard before, but decided after, the Revised Statutes went into operation; such a construction not making this provision of the statutes retroactive, or working any injustice to the party prevailing below.

The waiving of a jury trial, in a special court case, and submission of the case under the statute, in law and fact, to the judge holding the court, does not constitute him an arbitrator of the same, so as to deprive the party aggrieved by his decision, of the right to review the same, in matter of law, by a bill of exceptions filed in the supreme court.

Motion to dismiss a bill of exceptions, which was brought to this court, to review certain rulings in matters of law, made

by Mr. Justice Shearman, whilst holding a special court of common pleas.

The Revised Statutes, which first gave a bill of exceptions, to review, in this court, the rulings of a special court of common pleas, went into operation on the 1st day of July, 1857. Rev. Stats. ch. 205, §§ 1, 2. The action in which these exceptions were allowed, brought to recover the amount bid by the defendant for land sold to him at a sheriff's sale, was commenced on the 14th day of May, 1857, by a writ returnable on the 25th day of May, of that year; and was, after one adjournment, heard by Mr. Justice Shearman, on the 12th day of June following; the case having been submitted to him by consent, under the statute, both in law and fact. After the hearing, the case was continued for advisement until the 12th day of September, and again until the 25th day of September following, when the opinion was read and judgment given in favor of the defendant, which formed the basis of these exceptions, taken by the plaintiff in the action.

The motion to dismiss was made upon the grounds: *First,* that the provision of the Revised Statutes, giving a bill of exceptions in special court cases, did not apply to a case tried, though not decided, before the statutes went into operation. *Second,* that, if it did apply, no exceptions could be taken to the decision, in a case which had been submitted to the court, by consent, both in law and fact; and *Third,* that the errors complained of, and excepted to, were not in matters of law, but in matters of fact.

*C. Robinson,* for the motion :—

It was not the intention of the legislature, in passing the 11th section of chapter 192 of the Revised Statutes, to enlarge or diminish any remedies, in any suit already heard or tried, before the Revised Statutes went into operation. See sec. 16, ch. 6, tit. 1.

In this case, the commencement of the action, joining of the issue, hearing the evidence, and argument of counsel both for plaintiff and defendant, in fact every possible question upon which counsel could be heard, took place before the Revised Statutes went into operation; the closing argument of the counsel for the plaintiff having been made on the 12th of June last.

During the progress of the trial of the cause, and of the hearing of the argument, it was not competent for either party to take exceptions to any opinion, ruling, or judgment of the court; and none were taken. The counsel for the plaintiff or defendant, could not, at this time, anticipate any such proceedings; and the defendant contends, that it would be manifestly unjust, that the mere formal postponement of the rendition of the judgment should enlarge the remedies of the plaintiff, and, on the other hand, diminish the rights of defendant.

All exceptions not taken in the progress of a trial, are to be considered as waived. *Kimball* v. *Irish*, 26 Maine, 444.

2d. The waiver of the right to a jury trial, on the part of defendant, waived no other rights; what he assented to was, that it should be tried by the court, with full power to determine both the law and fact; making the judge, in fact, an arbitrator in the cause. If the case had been tried by a jury, and verdict rendered on the 12th day of June, 1857, it is contended by the defendant, that no exceptions could have been taken to the ruling of the judge, although the court, for its own convenience, had postponed a *judgment* upon the verdict, till the day the judgment in this cause was rendered.

3d. The defendant contends, that the section of the Revised Statutes, authorizing the taking of exceptions from the rulings of a special court of common pleas, to the supreme court, if applicable at all to actions pending in a special court of common pleas at the time the Revised Statutes went into operation, can be applicable only to those actions where the whole trial is had after the statute went into operation. Any other construction would be inequitable and unjust, and make the statute obnoxious to the charge of being retrospective in its operation. *McManagil* v. *Ross*, 20 Pick. 99; *Spaulding* v. *Hervey*, 2 Shepl. (14 Maine,) 97.

If a statute be not explicitly retrospective, the court will not by construction, give to it a retrospective operation. *Dash* v. *Van Kleeck*, 7 Johns. 477; *Watkins* v. *Haight*, 18 Ib. 138; *Thames Manuf. Co.* v. *Lathrop*, 7 Conn. 530; *Perkins* v. *Perkins*, Ib. 538; *Bernard* v. *Russell*, 19 Vt. (4 Wash.) 334.

It certainly contemplates that its operation should be general,

Childs *v.* Ballou.

and apply to any ruling made during *the trial* of the cause, and the application of the statute to this cause would contravene such intention. Rev. Stats. ch. 192, § 11.

But the defendant goes further in this case, and says, that where the parties submit the whole question, both of law and fact to the judge, they make him an arbiter, and his finding is conclusive in all matters. *Roxbury* v. *Huston*, 39 Maine, (4 Heath,) 312; *Dunn* v. *Hutchinson*, Ib. 367; *Suafford* v. *Donevan*, 1 Scam. 168; *White* v. *Wiseman*, Ib. 169; *Doe* v. *Scraggins*, Ib. 330; *Michael* v. *State Bank*, 8 Eng. (Ark.) 356.

And this appears, also, from the fact, that the judge cannot be compelled to give his reasons for his judgment; and in this case, there may be other circumstances operating upon his mind, and bringing him to the same result, beside those spread upon the record by the exceptions taken. *Ward* v. *American Bank*, 9 Met. 486.

Exceptions will lie only where the proceedings are according to the course of the common law. *Endicott's Petition*, 24 Pick. 339, 340.

*H. S. Bartlett*, with whom was *T. A. Jenckes*, against the motion:—

1st. The Revised Statutes were in force when the opinion in this case was pronounced, and the judgment given; and the 11th sect. of ch. 192, is express, that either party aggrieved " by any opinion, direction, ruling, or judgment of a special court of common pleas, in any matter of law, raised by the pleadings, or by an agreed statement of facts, or apparent upon, or brought upon the record by a bill of exceptions, shall be entitled to have such matter heard before, and decided by, the supreme court, provided such right be claimed in open court, &c." Rev. Stats. ch. 192, § 11, p. 465.

It is not necessary to make the statute retroact to make it apply to pending cases, which have been tried, but in which no opinion has been given or judgment pronounced; but you must nullify this provision to prevent it from applying to such a case.

No harm can come to the defendant, if the judge below has erred, from the correction of his errors. He will only be subject to a new trial, in which full justice will be done to him.

2d. Where a cause, by consent of parties, is submitted to the court for trial without the intervention of a jury, error will lie to the ruling of the court on questions of law, as in other cases. *Franklin Bank* v. *Buckingham*, 12 Ohio, 482.

When the court try an issue in fact, exceptions may be taken to their opinion on a question of law decided on the trial, but not to their opinion on the weight of evidence. *Nash* v. *Harrington*, 1 Aik. 39 ; *Macker's Heirs* v. *Thomas*, 7 Wheat. 532 ; *Miller* v. *Miller*, 2 Pick. 570 ; *Olney* v. *Brown*, Ib. 572 ; *Stearns* v. *Fiske*, 18 Ib. 24 ; *McManagil* v. *Ross*, 20 Ib. 99 ; *Eaton* v. *Hall*, 5 Met. 287 ; *Treasurer* v. *Merrill*, 14 Verm. 557 ; *Andover* v. *Reed*, 39 Maine, 41, 42.

In Vermont, the supreme court cannot, on exceptions, review any matter within the *discretion* of the county court. *Masseaux* v. *Bingham*, 19 Verm. (4 Wash.) 457 ; see *Fletcher* v. *Clark*, 29 Maine, (16 Shep.) 485. An exception will not lie to the ruling of the circuit judge as to a matter of fact. An exception can only be taken upon some particular point of law. *Lansing* v. *Wiswall*, 5 Denio, (N. Y.) 213.

BRAYTON, J. The defendant's argument upon the motion is, that the intent of the act was not to enlarge or diminish the remedy in any suit heard and tried before the statute went into effect ; that to the points ruled in the course of the trial against him the defendant could not except, and upon those, he would be concluded, though vital to his case ; and that to allow the plaintiff now to be heard, merely because such rulings as were against him were made after the act went into operation, is to render the act obnoxious to the charge of being retrospective in its operation.

It is evident, that the legislature did not contemplate that a retroactive operation should be given to this act ; that it should directly affect any ruling, judgment, or opinion made or given before it went into effect, but should apply to such only as might thereafter be made ; and had the final judgment in this case been given before the first day of July, neither party could have excepted to it. So far as the act is to be applied to the matter of these exceptions no retrospective operation is given to it. These matters occurred after the act was in force. They

are within the terms of the act, and within its apparent purpose; a ruling made by which the party excepting is aggrieved. It was deemed an evil that no mode was provided for reviewing the judgment of a special court of common pleas, leaving the judgment there final. This evil was to be remedied by the provisions of this act; and the question is reduced to this, whether we shall give full effect to the remedy provided, by correcting any errors which have occurred since the act, because we cannot reach those committed before, and which are not within its terms. This, as it seems to us, is no sufficient reason. If indeed, for the purpose of applying the remedy in such case, the act is made to operate injuriously upon the other party, it might be a reason for declining to apply it. But we do not see any such injurious consequences arising, even incidentally. It is suggested, that the defendant here could not except to the rulings against him. But the judgment is now for him; and if, upon the points excepted to, the opinion of the court here should be in the plaintiff's favor, he may, upon a new trial, have the benefit of all the points which he may have made, or may deem necessary to his defence. It is not necessary that the court should enter a final judgment, even though it may do so; but it may remit the case to the court below, for new trial, or may order a new trial here; and in the circumstances suggested, would guard the rights of all parties.

We think, therefore, that these exceptions are within the terms of the act; and that in entertaining them, no injuriously retrospective operation is given to the act, in hearing the parties upon them; on the contrary, it is for the advancement of justice that they should be heard.

Another ground for dismissing these exceptions, urged by the defendant, is, that, as this case was submitted to the determination of the justice who heard the cause, without the intervention of a jury, he is thereby made an arbiter, and his determination of both law and fact is conclusive.

The statute authorizes the parties to waive the jury trial, and in that case, provides, that the court shall hear and determine both law and fact. In such case, the judge is substituted to the jury for the determination of the fact; but his character

as judge is not changed, nor is the party's right to review his opinion, ruling, or judgment, in any matter of law arising in the case. This right is expressly given. by the Revised Statutes. The same construction is given, in Maine, to a statute of that state, similar to this. *School Fund, Andover,* v. *Reed,* 39 Maine, 41. In every case where matter of law appears upon the record, or is brought upon the record, by a summary bill of exceptions, the act expressly provides that the exception may be taken to this court.

The objection made by the defendants, that. the matter excepted to is not matter of law, but is, in truth, an exception to the finding of a fact, is altogether untenable. There is no fact in dispute. The facts are all admitted, and the only question is what is the law arising upon them. The construction of the levy and deed was not matter for the finding of a jury, but matter, the facts being admitted, for the court; and the court passed upon that question, and gave the opinion that the levy was void. The court, in fact, have announced the opinion which it must have given to the jury, had the case been submitted to one ; and the question is, is that opinion upon law, right.

*The motion to dismiss must be overruled.*